**Eliasar Sanchez GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00457–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 19, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Mario Bordini, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and TIJERINA, DIAL, JJ.

TIJERINA, Justice.

This is an appeal from a conviction for possession of heroin—habitual. The trial court, without jury, found appellant guilty as charged and found the two enhancement paragraphs to be true. Punishment was assessed at twenty-five years' confinement.

The sufficiency of the evidence is not challenged. Appellant first complains that the evidence in the case was unlawfully seized as a result of a warrantless search of a private residence. The undisputed facts establish that a police officer received reliable information that appellant would be leaving his mother's house at 122 Southway, driving an older model Chevrolet with a specific license number, and that he would be carrying heroin in his mouth and under the horn of the steering wheel. Two officers parked outside the residence at 122 Southway and observed appellant walk to a vehicle matching the informant's description. While seated in the driver's seat, appellant removed the horn button from the steering wheel and thereafter replaced the button. When appellant drove away the officers followed, but appellant detected that he was being followed and returned to his mother's residence. The officers observed appellant get out of his vehicle and place objects in his mouth, whereupon they arrested him. One of the officers saw a plastic bag protruding from the horn cap; he removed the cap and seized a plastic bag containing the heroin.

In this case the officers had neither an arrest warrant for appellant nor a warrant to search appellant's person or his vehicle. Appellant's specific complaint is that a vehicle parked in the driveway of a private residence was searched without a search warrant. The problem with appellant's contention is that he did not testify at the hearing on the motion to suppress or at the trial on the merits. Thus, we are unable to determine whether he was claiming a possessory or proprietary interest in the evidence seized. "The protection of the fourth amendment depends not upon a property right in the invaded place but upon whether *the person who claims the*

*protection of the amendment has a legitimate expectation of privacy."* (Emphasis added). *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Simmons v. United States,* 390 U.S. 377, 389–90, 88 S.Ct. 967, 973–74, 19 L.Ed.2d 1247 (1968).

Appellant has failed to discharge his burden to show that he had a legitimate expectation of privacy in the vehicle, the residence or the evidence seized; therefore, he had no standing to complain of an unlawful seizure of the evidence. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Wilson v. State,* 692 S.W.2d 661 (Tex.Crim.App.1985) (not yet reported). Appellant concedes that the officer had probable cause to search the vehicle and seize the evidence. One officer testified, without objection, that the property was the residence of appellant's mother. Appellant made no claim of ownership of the vehicle or that the house was his property or place of residence; he did not testify. The claim of error is overruled.

In his second ground of error, appellant complains that a pen packet was erroneously admitted because the copy of the sentence therein did not bear the certification of the district clerk of the trial court. Records from the Texas Department of Corrections may be admitted into evidence pursuant to TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1986). The pen packet which appellant challenges bears the requisite attestation by the TDC keeper of records, which is certified by the county judge of the county where the TDC facility is located, whose certification is certified by the county clerk of that county. Convicted defendants are not admitted to TDC without copies of the judgment and sentence which have been certified by the district clerk where the conviction was obtained; these become part of the inmate's official record. *Blakes v. State,* 634 S.W.2d 319, 320 (Tex.Crim.App.1982). Therefore, the custodian's attestation that appellant had been committed was sufficient to prove the certification of TDC's

copy of the sentence. Appellant's second ground of error is overruled.

The State has urged this court to reform the judgment of the trial court to reflect its finding that appellant is an habitual offender. We can correct the judgment based on information in the record to conform to the finding of the trial court. *Milzanowski v. State,* 645 S.W.2d 445, 446 (Tex.Crim.App.1983); *Barecky v. State,* 639 S.W.2d 943, 944 (Tex.Crim.App.1982). In the instant case, the trial court's pronouncement in open court was: "The court having found you guilty of the offense of possession of heroin, having found you guilty as a habitual criminal, I am going to sentence you to serve twenty-five years in the Texas Department of Corrections." Accordingly, the judgment is corrected by adding thereto at the end of the first paragraph the following: "The court further finds that the defendant is an habitual offender."

The judgment of the trial court is affirmed as reformed.