**Jimmy John JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–029–CR.**

Court of Appeals of Texas,
Texarkana.

Nov. 25, 1986.

R. Kent Phillips, Longview, for appellant.

John Tunnell, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

Jimmy John Johnson was convicted of robbery. Punishment, enhanced by a prior conviction, was set by the jury at fifteen years confinement. In his sole point of error Johnson contends that the record of the prior conviction should not have been admitted into evidence over his objection because the copy of the judgment and sentence contained in the pen packet were not certified to by the district clerk of the trial court where the conviction was had.

The pen packet was properly authenticated and certified by the Texas Department of Corrections records keeper and by the county judge and the county clerk of the county where the prison facility is located. The Texas Department of Corrections does not admit convicted defendants without receiving copies of the judgment and sentence duly certified to by the district clerk of the county where the conviction was obtained, and such copies then become part of the inmate's official record at the Department of Corrections. *Blakes v. State*, 634 S.W.2d 319 (Tex.Crim.App.1982). Therefore, the Texas Department of Corrections custodian's attestation and certification were sufficient to admit the records in evidence. *Garza v. State*, 705 S.W.2d 818 (Tex.App.—San Antonio 1986, no pet.).

For the reasons stated, the judgment of the trial court is affirmed.