**UNITED STATES of America, Appellee,**

v.

**Thomas Earl DARVEAUX, Appellant.**

**No. 87–5017.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 31, 1987.

Decided Oct. 2, 1987.

Douglas B. Altman, Minneapolis, Minn., for appellant.

Jon Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, BOWMAN and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Defendant Thomas Earl Darveaux appeals his conviction under 18 U.S.C. App.

§ 1202(a)(1), possession of firearms by a convicted felon. We affirm the judgment entered by the District Court[1] upon the jury verdict.

Darveaux was arrested on the night of April 21, 1986, in Spring Lake Park, Minnesota, by police officers responding to the report of a burglary. Seeing Darveaux and another man walking away from the vicinity of the disturbance, a policeman trained his flashlight on the pair and identified himself. As Darveaux's companion fled, Darveaux turned his back to the light and threw a handgun into the air. The officer arrested Darveaux, and found the loaded and cocked pistol lying nearby.

The indictment charged that Darveaux had been convicted of burglary in Texas in 1965, burglary in Minnesota in 1967, and aggravated robbery in Minnesota in 1981. After considering evidence of these three prior felony convictions, along with evidence of Darveaux's possession of the firearm in Spring Lake Park, a jury found defendant guilty under Section 1202(a)(1), part of the Armed Career Criminal Act of 1984.[2] As a consequence of Darveaux's three previous felonies, he received the minimum sentence of 15 years, without parole, that the Act mandates.

On appeal, Darveaux argues that the District Court erred by: 1) admitting a copy of the Texas conviction authenticated by the Record Clerk of the Texas Department of Corrections (TDC); 2) admitting testimony by Darveaux's Minnesota parole officer about defendant's prior record; and 3) admitting evidence about the alleged burglary that triggered his arrest in the present case. He also argues that the evidence of possession is insufficient to support the jury verdict. Only Darveaux's first contention requires discussion.

The Government presented evidence of Darveaux's Texas conviction in the form of a penitentiary file, or so-called "pen packet," from the TDC. The packet consists of certified copies of his conviction and sentence in the District Court of Bexar County, Texas. The copies are certified by the Record Clerk of the TDC, who attests that "in my legal Custody as such officer are the original files and records of persons heretofore committed to said institution: that the (x) photograph (x) fingerprints and (x) commitments, including judgment and sentence, of Thomas E. Darveaux ... a person heretofore committed to said penal institution and who served a term of imprisonment therein: that I have compared the attached copies with their respective originals now on file in my office and each thereof contains, and is a full, true, and correct transcript and copy from its said original." The Record Clerk's signature is accompanied by the embossed seal of the TDC.

The certification by the TDC Record Clerk is authenticated by the presiding judge of the County Court of Walker County, Texas, where the TDC is located. The attestation of the presiding judge in turn is authenticated by the signature of the Clerk of the County Court of Walker County and the seal of the County Court.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. We note a split of authority amongst the circuits regarding whether the enhanced penalty portion of § 1202(a) states a separate offense, all the elements of which must be alleged in the indictment and tried to the fact-finder [*United States v. Davis*, 801 F.2d 754, 755 (5th Cir. 1986) ], or merely a penalty enhancement provision relating to the offense described in § 1202(a)(1) [*United States v. West*, 826 F.2d 909 (9th Cir.1987); *United States v. Jackson*, 824 F.2d 21, 25–26 (D.C.Cir.1987); *United States v. Hawkins*, 811 F.2d 210, 220 (3d Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987) ]. There is no controlling authority in this circuit on whether 'the enhanced penalty portion of § 1202(a) states a separate offense or is merely a penalty enhancement provision. However, on September 14, 1987, the Court en banc heard argument in the cases of *United States v. Rush*, 824 F.2d 1537 (8th Cir.1987), and *United States v. Cloyd*, 819 F.2d 836 (8th Cir.1987), which present this issue and provide us the opportunity to resolve it in the near future. This issue is not before us in the instant case, since Darveaux does not contend that it was improper for the government to charge his prior felonies and introduce evidence to convince the jury of their existence.

Along with the copies of Darveaux's conviction and sentence, the pen packet contains his fingerprint card and photograph. The District Court excluded the sentence and the fingerprints as unduly prejudicial. The copies of the conviction, the certification, the photograph, and the descriptive material at the bottom of the fingerprint card (listing height, weight, birthdate, etc.) were admitted as Exhibit 13. The Government offered Exhibit 13 as a self-authenticating document under Rule 27 of the Federal Rules of Criminal Procedure.

Darveaux objects on hearsay grounds that the conviction record is not self-authenticating, insisting that the TDC Record Clerk in Walker County does not have "legal custody" of the records of the Bexar County conviction, as required by Rule 27. Defendant asserts that the Record Clerk of the TDC—as an officer of the executive branch of the Texas Government—cannot be the legal custodian of the conviction entered by a county judge—an officer of the judicial branch. We disagree.

Under Rule 27 of the Federal Rules of Criminal Procedure, "An official record ... may be proved in the same manner as in civil actions." Thus, we turn to Rule 44 of the Federal Rules of Civil Procedure, incorporated by reference into Rule 27, and to Rule 902 of the Federal Rules of Evidence. Under Rule 44(a)(1), an official record "may be evidenced ... by a copy attested by the officer having the legal custody of the record ... and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept...." Rule 902 similarly provides that "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to ... (4)[a] copy of an official record ... or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, ... certified as correct by the custodian or other person authorized to make the certification...."

■ There is no dispute that Exhibit 13 is a copy of an "official record" under the above rules. It fully complies with those rules and properly was admitted as proof of the Texas conviction, provided that the TDC Record Clerk is the legal custodian of the records of that conviction. Having examined Texas law on this point, we are satisfied that he is.

A review of Texas cases reveals that prosecutors often offer pen packets to prove prior convictions, and that judges seldom exclude them as evidence. Significantly, the Texas courts consistently refer to the TDC Record Clerk as the "custodian" of the original court documents. *See Johnson v. State*, 720 S.W.2d 877, 877 (Tex. Ct.App.1986) (admission of pen packet attested by TDC Record Clerk upheld over objection that conviction required additional certification from original convicting court); *Garza v. State*, 705 S.W.2d 818, 820 (Tex.Ct.App.1986) (same). *See also Love v. State*, 730 S.W.2d 385, 398–99 (Tex.Ct.App. 1987) (TDC Record Clerk attestation card was not improperly worded); *Todd v. State*, 598 S.W.2d 286, 292–93 (Tex.Crim. App.1980) (attestation by TDC Record Clerk "assur[es] the reliability" of evidence). *But see Dingler v. State*, 723 S.W.2d 806, 808 (Tex.Ct.App.1987) (TDC Record Clerk recognized as "having legal custody" of conviction files, but pen packet excluded because not separately certified by clerk of convicting court).

It is well-settled, then, that the TDC Record Clerk is the legal custodian of conviction records under Texas law. Accordingly, Exhibit 13 properly was admitted as a self-authenticating official record of Darveaux's Texas conviction.

■ Finally, we reject defendant's argument that the use of any record which reveals the fact of his incarceration on a prior felony conviction is prejudicial and therefore is an impermissible way of proving the prior conviction. Recidivist statutes requiring proof of prior felony convictions have been upheld as not offending the Due Process Clause. *Spencer v. Texas*, 385 U.S. 554, 565–66, 87 S.Ct. 648, 654–55, 17 L.Ed.2d 606 (1967); *Pierce v. Parratt*, 666 F.2d 1205, 1206–07 (8th Cir.1981). *See also United States v. Powers*, 572 F.2d

146, 154 (8th Cir.1978) (Government did not "unduly emphasize" recidivist's prior offenses by introducing certified record of earlier conviction and testimony of fingerprint expert). Once the jury knows the defendant has a prior felony conviction, we can discern little additional prejudice, if any, in the jury's also knowing that the conviction resulted in his serving time in prison. Consequently, we are unable to conclude that the admission of Exhibit 13 violated any of Darveaux's rights.

We have considered the other issues that Darveaux has raised and find them to be without merit.

AFFIRMED.