**Steven James RODASTI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01-87-00785-CR.**

Court of Appeals of Texas,
Houston (1st Dist).

March 3, 1988.

Robert J. Inger, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., for appellee.

Before WARREN, LEVY and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of aggravated sexual assault with the use of a deadly weapon. After finding two enhancement paragraphs to be true, it assessed punishment at life imprisonment. Appellant asserts two points of error.

In his first point of error, appellant asserts that the trial court erred at the punishment stage of the trial in admitting State's exhibit 6, a Texas Department of Corrections pen packet, because it was not properly authenticated.

Specifically, he complains that the pen packet was not admissible because the copies of the judgment and sentence contained therein did not bear the certification of the district clerk of the trial court. Appellant does not complain of the adequacy of the certification executed by the custodian of records for the T.D.C.

■ Based on the holding in *Dingler v. State*, 723 S.W.2d 806 (Tex.App.—Tyler 1987, no pet.), appellant argues that, in order to be authenticated, copies of the judgment and sentence contained within the pen packet must bear the seal of the district clerk of the trial court. In turn, the holding in *Dingler* is based upon a construction of *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980), which held that the contents of a pen packet were "written instruments" within the contemplation of Tex.Rev.Civ.Stat.Ann., former art. 3731a, ch. 471, sec. 1, 1951 Tex.Gen.Laws 830, *repealed by* ch. 685, sec. 9(b), 1985 Tex. Gen.Laws 5140, and as such were subject to authentication by the custodian of records for the agency having legal custody of such documents, under sec. 4 of art. 3731a. The *Todd* court, in dicta, mentioned the fact that, in that case, the judgments and sentences contained in the pen packets were properly certified by the district clerk of the trial court; however, the opinion did not specifically hold that proof of such prior certification was necessary to authenticate a pen packet.

Moreover, the holding in *Dingler* is in direct conflict with both *Johnson v. State*, 720 S.W.2d 877 (Tex.App.—Texarkana 1986, no pet.), and *Garza v. State*, 705 S.W.2d 818, 820 (Tex.App.—San Antonio 1986, no pet.), both of which held that under art. 3731a, such prior certification need not be reflected in the pen packet.

More importantly, the admissibility of evidence in the instant case was controlled by Tex.R.Crim.Evid. 901, not art. 3731a. Rule 901 provides that authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. By way of illustration only, rule 901(b) lists 10 examples of authentication or identification conforming with the requirements of the rule. Example No. 7 sets forth as follows:

*Public records and reports.* Evidence that a writing authorized by law to be

recorded or filed and in fact recorded or filed in a public office, or a purported public record, report statement, or data compilation, in any form, is from the public office where items of this nature are kept.

■ Copies of judgments, sentences, and commitments are "authorized by law to be recorded or filed" at the T.D.C., and are "in fact recorded or filed" in that public office. *See Todd v. State,* 598 S.W.2d at 292; *Johnson v. State,* 720 S.W.2d at 877; *Garza v. State,* 705 S.W.2d at 820. Therefore, evidence that those documents, or copies thereof, are "from the public office where items of this nature are kept" constitutes sufficient authentication for their admission in evidence.

Rule 902 provides that certain types of documents are self-authenticating. It states in pertinent part that:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) *Domestic public documents under seal.* A document bearing a seal purporting to be that of ... any state ... or of a ... department, officer or agency thereof, and a signature purporting to be an attestation or execution.

....

(4) *Certified copies of public records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, ... certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.

■ The pen packet in question contained copies of official records, or documents authorized by law to be recorded or filed and actually recorded or filed in a public office, as set out in sec. (4) of rule 902. The contents of the pen packet were certified by the custodian of the records as constituting true and correct copies of the documents on file at the T.D.C. The custodian's signature was accompanied by the imprint of his official seal.

■ Neither rule 901(b)(7) nor rule 902(1) or 902(4) requires evidence that the documents "recorded or filed" in a public office were certified prior to the recording or filing. However, it should be noted that the T.D.C. does not admit a convicted defendant without receiving copies of the judgment and sentence duly certified by the district clerk of the county where the conviction was obtained, and that such copies then become part of the inmate's official record at the T.D.C. *Blakes v. State,* 634 S.W.2d 319, 320 (Tex.Crim.App.1982); *Johnson v. State,* 720 S.W.2d at 877; *Garza v. State,* 705 S.W.2d at 820.

■ Therefore, under rules 901 and 902 of the Texas Rules of Criminal Evidence, the pen packet was self-authenticated and was admissible in evidence at the punishment stage. Appellant's first point of error is overruled.

In his second point of error, appellant contends that his conviction is void because the visiting judge lacked authority to preside over his trial. Specifically, he complains that the order assigning the Honorable Allen Stilley, former judge of the 228th District Court, as presiding judge over the 177th District Court, failed to recite the "conditions precedent" for the assignment. Appellant argues that the law requires that an order assigning a visiting judge state the reason the regular judge is unable to preside.

■ First, appellant failed to make any objection to Judge Stilley's authority to hear this case during the proceedings below. In *Bonilla v. State,* 740 S.W.2d 583 (Tex.App.—Houston [1st Dist.], 1987, no pet.) this Court held that the failure to make a timely objection to the visiting judge's authority to hear a case waived any complaint on appeal. *See also Stephenson v. State,* 500 S.W.2d 855, 857 (Tex.Crim. App.1973); *Floyd v. State,* 488 S.W.2d 830, 832 (Tex.Crim.App.1972); *Mayfield v. State,* No. 01–86–00270–CR (Tex.App.—Houston [1st Dist.], July 30, 1987, no pet.) (not yet reported).

Furthermore, the order assigning Judge Stilley to preside over the 177th District Court was signed on September 2, 1987. Effective September 1, 1987, the law no longer requires that conditions precedent to the assignment of judges be set forth. *See* Tex.Gov't Code Ann. sec. 74.052 (Vernon Supp.1988). Appellant's second point of error is overruled.

The judgment is affirmed.