Carroll Eugene REDD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-88-00713-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 1989.

Mary E. Conn, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. Harris County, Alan Curry, Michael A. Roe, Houston, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a conviction for aggravated robbery enhanced by a prior conviction. The court sentenced appellant to 30 years confinement.

On October 8, 1987, the complainant, a 93-year-old man, allowed appellant, whom he knew, and a "young man" into his home. The boy pulled the telephone cord out of the wall, and appellant immediately hit the complainant on the back of the neck and pushed him down.

Appellant had a knife in his hand and said, "If you don't make any disturbance or don't make any movement, I won't hurt you." He pushed the complainant down into a chair and tied him into it. Appellant then gave the knife to the boy, went upstairs, and searched the complainant's dresser and desk drawers. Appellant returned and took the complainant's car keys out of his pants pocket. He and the boy then left in the complainant's car.

Officer John Johnson received a call from the police dispatcher that a robbery had just occurred. He met the complainant who appeared to be visibly shaken, at his residence. Officer Johnson discovered a steak knife on a table in the den and some twine entangled in a chair next to the table. He also discovered that the complainant's phone had been unplugged from the wall, and the complainant's automobile and several collector's coins had been taken. The complainant identified the appellant as his assailant.

In his first point of error, appellant argues that the trial court erred in refusing to sustain his objection to the State's improper jury argument.

In closing, appellant argued that he would not have tried to rob the complainant because he had been in the complainant's

house before and knew that he did not have items of valuable property, such as a VCR or stereo. The State responded, "How many people have grandparents that don't trust banks because they lived through the Depression and bank failures? They keep their life savings in the sock drawer just like that drawer there."

Appellant objected on the basis that there was "no evidence of any life savings within a sock drawer or a drawer there." The objection was overruled. Appellant contends that the record discloses no testimony indicating that the complainant kept his life savings in a sock drawer, nor is there any evidence in the record upon which such argument could reasonably have been based.

The approved areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). We find that the challenged jury argument was both an answer to appellant's argument that complainant did not have any items of valuable property and a reasonable deduction from the photographs of the rifled drawers.

Appellant's first point of error is overruled.

■ Appellant urges in his second point of error that the trial court erred in admitting into evidence a copy of appellant's pen packet. He asserts that the proper predicate was not laid for its introduction because the purported judgment and sentence were not certified by the clerk of the issuing court. Appellant also argues that the predicate required by the Texas Rules of Criminal Evidence was not satisfied because the copy of the pen packet does not show a seal.

The predicate to the pen packet complied with Tex.R.Crim.Evid. 901(b)(7), which provides that authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. By way of illustration only, rule 901(b) lists 10 examples of authentication or identification conforming with the requirements of the rule. Example No. 7 sets forth as follows: *"Public records and reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

> Copies of judgments, sentences, and commitments are 'authorized by law to be recorded or filed' at the T.D.C., and are 'in fact recorded or filed' in that public office. Therefore, evidence that those documents, or copies thereof, are 'from the public office where items of this nature are kept' constitutes sufficient authentication for their admission in evidence.

*Rodasti v. State,* 749 S.W.2d 161, 163 (Tex. App.—Houston [1st Dist.] 1988, no pet.).

The pen packet was accompanied by a certificate from the TDC custodian of records, attesting that the copies of the official records contained therein were true and correct copies of the originals on file with the TDC. We hold that this is sufficient evidence of authenticity for the admission of the pen packet to be in compliance with the requirements of rule 901.

Appellant urges that the pen packet lacked proper authentication under Tex.R. Crim.Evid. 902 because State's Exhibit No. 16 does not show a seal. *Wilson v. State,* 677 S.W.2d 518, 523 (Tex.Crim.App.1984). We have examined the original document in question, Tex.R.App.P. 51(d), and find that the signatures of the records clerk, the judge, and the clerk of the court are under seal.

■ We note that a document need not be authenticated pursuant to both rule 901 and rule 902. Rule 902 merely provides for self-authentication of certain documents. If the requirements of rule 902 are met, it is unnecessary to authenticate pursuant to rule 901.

Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.