Jerry **REED**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–88–01025–CR.

Court of Appeals of Texas,
Dallas.

Jan. 18, 1990.
Judgment Affirmed May 9, 1990.

John H. Hagler, Dallas, for appellant.

Kathleen Walsh, Dallas, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Jerry Reed appeals his conviction for possession of heroin. The trial court assessed punishment, enhanced by a prior conviction, at twenty years' confinement. Appellant raises two points of error. Because we agree with appellant that the trial court erred at the punishment stage in admitting a pen packet not properly authenticated, we reverse and remand.

The indictment charging appellant with the possession of heroin contained two enhancement paragraphs. The trial court found the allegations in the first enhancement paragraph to be not true. The trial court found the second enhancement paragraph, which alleged appellant had been convicted of burglary in 1974, to be true. During the punishment stage, the trial court admitted State's exhibit number three, a Texas Department of Corrections (TDC) pen packet containing records of appellant's 1974 burglary conviction. The exhibit contained a copy of the judgment and sentence of appellant's burglary conviction on file with the TDC. The records in the exhibit were duly attested by S.O. Woods, Jr., the record clerk of the TDC.

In his first point of error, appellant contends that exhibit number three was not admissible because the copy of the judgment and sentence in the pen packet did not reflect that the "original" copy received by the TDC was certified by the district clerk of the convicting court. Appellant relies on *Dingler v. State*, 768 S.W.2d 305 (Tex.Crim.App.1989), for this contention. In *Dingler*, the Court of Criminal Appeals held that for a pen packet to be admissible as a self-authenticated document, the copy of the judgment and sentence forwarded to the TDC by the clerk of the convicting court must be certified as an original on file in the clerk of the convicting court's office. *Id.* at 306. The State contends that *Dingler* is not instructive in the case before us because *Dingler* determined the admissibility of a pen packet under section 4 of article 3731a[1] of the Texas Revised Civil Statutes, not under rules 901 and 902 of Texas Rules of Criminal Evidence.

The State specifically contends that the pen packet was admissible under Texas Rule of Criminal Evidence 902, which provides in part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

1. Act of June 21, 1951, ch. 471, 1951 Tex.Gen. Laws 830, 831–32, *last amended by* Act of May 20, 1975, ch. 280, § 1, 1975 Tex.Gen.Laws 666, 666–67 (deemed repealed as to criminal actions, effective September 1, 1986 (now Tex.R.Crim. Evid. 902)).

**(1) Domestic Public Documents Under Seal.** A document bearing a seal purporting to be that of the United States, or of any state, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

. . . .

**(4) Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, *certified as correct by the custodian or other person authorized to make the certification,* by certificate complying with paragraphs (1), (2), or (3) of this rule or complying with any statute or court rule prescribed pursuant to statutory authority.

TEX.R.CRIM.EVID. 902(1), (4) (emphasis added).

 The State contends that a pen packet is admissible under rule 902(4) if the custodian of records at TDC certifies the copy of the judgment and sentence as constituting a true and correct copy of the documents on file at TDC. We disagree. The language in rule 902(4) allowing certification by "the custodian or other person authorized to make the certification" means the legal custodian of the original of the document. *See King v. State,* No. 12–87–00059–CR, slip op. at 8 (Tex.App.—Tyler, Dec. 15, 1989, no pet.) (not yet reported). In the case before us, the clerk of the convicting court, not the custodian of records at the TDC, was the legal custodian authorized to certify the judgment and sentence. Requiring that the clerk of the convicting court certify the documents provides a necessary safeguard for the reliability of the matters stated in the copies of the original judgment and sentence. *See King,* slip op. at 8. Because the clerk of the convicting court did not certify the copy of the judgment and sentence provided by

the custodian of the TDC, we hold that the contents of the pen packet were not "certified as correct by the custodian," and thus not admissible under rule 902.

The State also contends that the pen packet was admissible pursuant to Texas Rule of Criminal Evidence 901. Rule 901 provides that authentication is satisfied by evidence supporting a finding that the matter is what its proponent claims. The State argues that rule 901(b)(7) should control the admission of the pen packet. Rule 901(b)(7) provides:

**(7) Public Records and Reports.** Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

TEX.R.CRIM.EVID. 901(b)(7).

The same concerns regarding the reliability of the copy of the judgment and sentence exist as to its admission under rule 901 as under rule 902. While the copy of the judgment and sentence is filed at the TDC, there is no assurance of reliability of the copy absent a certification from the clerk of the convicting court.

The State relies on *Rodasti v. State,* 749 S.W.2d 161 (Tex.App.—Houston [1st Dist.] 1988), *remanded,* No. 424–88 (Tex.Crim. App., Nov. 1, 1989) as authority for the admissibility of the pen packet under rules 901 and 902. In *Rodasti,* the trial court admitted into evidence a pen packet which contained a copy of the judgment and sentence used for enhancement. While the contents of the pen packet were certified by the custodian of records at the TDC as constituting true and correct copies of the documents on file at the TDC, the copy of the judgment and sentence were not certified by the clerk of the convicting court. *Id.* at 163. The court of appeals held that the pen packet was self-authenticated and admissible under rules 901 and 902 of the Texas Rules of Criminal Evidence. *Id.* On appeal, the Court of Criminal Appeals remanded the case to the court of appeals with instructions to reconsider the court of appeals' previous opinion in light of the Court of Criminal Appeals' opinion in *Din-*

*gler. Rodasti,* slip op. at 1. We hold, in light of *Dingler,* that because the copy of the judgment and sentence provided by the TDC had not been certified by the clerk of the convicting court, the pen packet was not properly authenticated, and thus was not admissible under Texas Rules of Criminal Evidence 901 or 902.

█ Because there was error in the admission of the pen packet, we must reverse the trial court's judgment unless we determine beyond a reasonable doubt that the error made no contribution to the punishment. Tex.R.App.P. 81(b)(2). Appellant was convicted of a second-degree felony. Appellant could have been punished, without any enhancement, by confinement for a term of not more than twenty years or less than two years. Tex.Penal Code Ann. § 12.33 (Vernon 1974). If one enhancement paragraph had been found true, appellant could have been punished by confinement for a term not exceeding ninety-nine years or less than five years. Tex.Penal Code Ann. §§ 12.32(a), 12.42(b) (Vernon 1974 & Vernon Supp.1990). While appellant was assessed punishment within the range set for a second-degree felony without any enhancement, we cannot determine beyond a reasonable doubt that the admission of the pen packet of appellant's 1974 burglary conviction made no contribution to the punishment. Tex.R.App.P. 81(b)(2).

We sustain appellant's first point of error. Because of our disposition of appellant's first point of error, we find it unnecessary to consider appellant's second point.

We reverse the trial court's judgment and remand this cause to that court for further proceedings not inconsistent with this opinion. Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1990); *see Ex parte Klasing,* 738 S.W.2d 648, 650 (Tex.Crim. App.1987), *overruled on other grounds, Ex parte Brown,* 757 S.W.2d 367, 369 (Tex. Crim.App.1988); *Kingsley v. State,* 744 S.W.2d 191, 196–97 (Tex.App.—Dallas 1987, pet. granted).