**Steven James RODASTI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00785–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 1990.

On Motion for Rehearing
May 17, 1990.

Robert J. Inger, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Alan Curry, William J. Delmore, ·Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

The Court of Criminal Appeals has remanded *Rodasti v. State,* 749 S.W.2d 161 (Tex.App.—Houston [1st Dist.] 1988) (*Ro-* *dasti I*), *remanded per curiam, Rodasti v. State,* 786 S.W.2d 294 (Tex.Crim.App.1989) (*Rodasti II*), to us for further consideration of appellant's points of error in light of *Dingler v. State,* 768 S.W.2d 305 (Tex. Crim.App.1989). We withdraw our prior opinion in *Rodasti I,* and substitute the following one. We affirm in part, reverse in part, and remand for another punishment hearing.

A jury found appellant guilty of aggravated sexual assault with the use of a deadly weapon. After finding two enhancement paragraphs to be true, it assessed punishment at life imprisonment. Appellant asserts two points of error.

■ Appellant's first point of error asserts that the trial court improperly admitted State's exhibit 6, a pen packet, as a self-authenticated document under Tex.R. Crim.Evid. 902.

State's exhibit 6 is a Texas Department of Corrections (TDC) pen packet that contains copies of a judgment and sentence showing appellant's prior conviction as alleged in enhancement paragraph one of the indictment. The copies of the judgment and sentence are certified by TDC's custodian of records as being true and correct copies of the contents of TDC's files, and the adequacy of this certification is not at issue here.

Appellant argues the copies of the judgment and sentence in State's exhibit 6 were improperly admitted as self-authenticated documents, because they do not bear the certificate of the district clerk of the court where appellant's previous conviction arose. In our prior opinion, we held that the copies of the judgment and sentence in State's exhibit 6 were self-authenticated and admissible, even though the district clerk's certification did not appear on them. Appellant filed a petition for discretionary review with the Court of Criminal Appeals, which remanded the case to this Court to further consider appellant's points of error in light of *Dingler. Rodasti II,* 786 S.W.2d 294 at 295.

The Court of Criminal Appeals' decision in *Dingler* supports the proposition that

the copies of the judgment and sentence in State's exhibit 6 had to reflect that the "original" copies received by the TDC were certified by the district clerk. *Dingler,* 768 S.W.2d at 306. Here, no such certification appears on the copies of the judgment and sentence in State's exhibit 6. Therefore, we reverse the jury's finding that the allegations in enhancement paragraph one are true, and remand for another punishment hearing.

■ In his second point of error, appellant argues his conviction is void because the visiting judge lacked authority to preside over the trial. We overrule this point of error. Appellant failed to assert this complaint in the trial court, and therefore failed to preserve the error on appeal. *See Stephenson v. State,* 500 S.W.2d 855, 857 (Tex.Crim.App.1973).

We affirm appellant's conviction, and remand for another punishment hearing.

### ON MOTION FOR REHEARING

■ The State has filed a motion for rehearing in *Rodasti v. State,* No. 01–87–00785–CR (Tex.App.—Houston [1st Dist.], March 15, 1990, n.p.h.) (op. on remand) (not yet reported) (*Rodasti III*). We deny the State's motion for rehearing.

In *Rodasti v. State,* 749 S.W.2d 161 (Tex. App.—Houston [1st Dist.] 1988) (*Rodasti I*), we overruled appellant's point of error contending that the trial court improperly admitted, at appellant's punishment hearing, State's exhibit 6, a Texas Department of Corrections (TDC) pen packet, as a self-authenticating document under Tex.R. Crim.Evid. 902.

On appellant's petition for discretionary review, the Court of Criminal Appeals remanded *Rodasti I* to this Court for further consideration in light of *Dingler v. State,* 768 S.W.2d 305 (Tex.Crim.App.1989). *Rodasti v. State,* 786 S.W.2d 294 (Tex.Crim. App., 1989) (*Rodasti II*). On remand, we withdrew our opinion in *Rodasti I* and, following *Dingler,* decided that State's exhibit 6 was improperly admitted as a self-authenticating document under Tex.R. Crim.Evid. 902 because the copies of the judgment and sentence in State's exhibit 6 did not reflect that the "original" copies received by the TDC were certified by the district clerk of the convicting court. *Dingler,* 768 S.W.2d at 306; *Rodasti III,* op. at 380–381.

In support of its motion for rehearing, the State argues that *Dingler* applied former Tex.Rev.Civ.Stat.Ann. art. 3731a (Ch. 471, sec. 1, 1951 Tex.Gen.Laws 830, *repealed by,* ch. 685, sec. 9(b), 1985 Tex.Gen. Laws 2472, 2474), whereas Tex.R.Crim. Evid. 902 applies to this case, and that our decision in *Rodasti III* conflicts with rule 902. The State urges us to distinguish *Dingler* on this basis, and to follow *Redd v. State,* 768 S.W.2d 439 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (applying Tex.R. Crim.Evid. 901), and uphold the admissibility of State's exhibit 6.

Relying on *Dingler,* the Dallas and Houston [14th District] Courts of Appeals have rejected similar contentions made by the State here. *Henderson v. State,* 788 S.W.2d 621 (Tex.App.—Houston [14th Dist.], 1990, n.p.h.); *Reed v. State,* 785 S.W.2d 412 (Tex.App.—Dallas, 1990, pet. requested). These cases support the proposition that, under either former article 3731a or Tex.R.Crim.Evid. 902, the copies of the judgment and sentence in the TDC pen packet must reflect that the clerk of the convicting court certified the originals. In other words, the result is the same whether former article 3731a or Tex.R. Crim.Evid. 902 is applied. In rejecting the State's contentions in its motion for rehearing in this case, we adopt the reasoning of *Henderson.*

To the extent that *Redd* conflicts with *Rodasti III,* and requires a different result, we disavow *Redd.* We also note that *Redd* was decided before *Rodasti II* and relied on *Rodasti I,* which the Court of Criminal Appeals remanded to us in *Rodasti II* in light of *Dingler,* resulting in our decision in *Rodasti III.* We decline to speculate on the reasons why the Court of Criminal Appeals granted a petition for discretionary review in *Rodasti I,* and not in *Redd.*

The State's motion for rehearing is denied.