**Affirmed and Memorandum Opinion filed May 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00481-CR

---

**DERRICK WAYNE MIDDLETON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11CR1959**

---

## MEMORANDUM OPINION

Appellant was convicted of burglary of a habitation. In three issues, he challenges whether the evidence is sufficient to support the conviction, whether the trial court erred by denying his motion to suppress, and whether he was denied the effective assistance of trial counsel. We affirm.

# BACKGROUND

In 2011, the complainant, Christine Farmer, left her home in Texas City and embarked on an extended vacation. Before the trip, Farmer asked her neighbor, Lorraine Womack, to keep a watch on her property because she had been warned of occasional break-ins in the community. While Farmer was away, Womack observed an unfamiliar car at her neighbor's house. Womack walked over to the home and discovered that Farmer's back door was open. She then saw appellant exiting the home with a laptop and printer in hand. Womack told appellant, whom she did not recognize, that she would not call the police if he returned the items to Farmer's house. Appellant disregarded Womack and drove away with other stolen goods. Womack then contacted the authorities and provided police with a description of appellant's vehicle.

Shortly after Womack's call, Officer Amber Lively of the La Marque Police Department encountered appellant driving his vehicle in the City of La Marque. The vehicle matched the exact description given by a recent police dispatch. Officer Lively followed the vehicle to a residence, where she saw appellant quickly pull into a driveway and exit his car. Officer Lively chased appellant on foot around the house until eventually losing sight of him. Appellant was later found peeking through a garage door window. When Officer Lively tried to enter the garage through a side door, appellant moved to shut the door in her face. With the help of another officer who arrived on scene, Officer Lively pushed the door open and detained appellant in handcuffs. Farmer's belongings were discovered inside the garage.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues that the evidence is legally and factually insufficient to support the jury's verdict. Our review is limited to applying just the

legal sufficiency standard discussed in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality opinion)).

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Temple*, 390 S.W.3d at 360. Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Our review includes both properly and improperly admitted evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Id.*

To obtain a conviction for burglary of a habitation, the prosecution was required to show that appellant entered a habitation without the effective consent of the owner, and with the intent to commit a felony, theft, or an assault. *See* Tex. Penal Code § 30.02(a)(1). Appellant argues that the prosecution failed to carry its burden because no evidence of forced entry or damage to the home was shown, and because no fingerprints were ever collected.

We conclude that the evidence is sufficient to support the conviction. Womack testified that she saw appellant in Farmer's house carrying items that she knew belonged to Farmer. Farmer testified that she had never met appellant before and that appellant did not have her consent to enter her home or take her property.

Despite there being no evidence of forced entry or fingerprints, a rational jury could have found every element of the charged offense beyond a reasonable doubt. We overrule appellant's first issue.

## MOTION TO SUPPRESS

In his second issue, appellant argues that the trial court erred by denying his motion to suppress. During the hearing on the suppression motion, testimony was taken from only two witnesses: the officers who had arrested appellant. The officers' testimony established that appellant's vehicle was registered to a residence in La Marque, but not the residence where appellant was ultimately detained. The trial court found that appellant was detained at the home of his cousin, where appellant did not personally reside. Based on this finding, the trial court determined that appellant had no expectation of privacy and denied his motion to suppress for lack of standing. The court also concluded on alternative grounds that appellant's warrantless arrest was legal because the officers were acting on exigent circumstances. Appellant challenges these conclusions on appeal.

We begin by addressing the question of standing. The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution protect individuals from unreasonable searches and seizures. *Richardson v. State*, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993). The rights secured by these constitutional protections are personal, and a defendant only has standing to contest a search if he had a legitimate expectation of privacy in the place that the government invaded. *Rakas v. Illinois*, 439 U.S. 128, 139 (1978); *Richardson*, 865 S.W.2d at 948–49. A defendant who challenges a search has the burden of proving facts demonstrating a legitimate expectation of privacy. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). This burden is assigned to the defendant,

4

rather than the government, because the defendant has greater access to the relevant evidence needed to establish standing. *Id.*

The defendant's burden normally embraces two discrete questions. The first is whether the individual, by his conduct, has exhibited an actual subjective expectation of privacy, i.e., whether he has shown a genuine intention to preserve something as private. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). The second question is whether the individual's subjective expectation of privacy is one that society is prepared to recognize as objectively reasonable. *Id.*; *Villarreal*, 935 S.W.2d at 138.

Several factors are relevant to determining whether a given claim of privacy is objectively reasonable: (1) whether the defendant had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002). This is a non-exhaustive list of factors, and no one factor is dispositive. *Id.* Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

The evidence in this case established that appellant was arrested on property belonging to a cousin, rather than to him personally. Constitutional protections can extend to places where the defendant lacks an ownership interest, but in those circumstances, the defendant must still demonstrate that he had a legitimate expectation of privacy in the place the government invaded. *See, e.g., State v.*

*Betts*, — S.W.3d —, No. PD-1221-12, 2013 WL 1628963, at \*4 (Tex. Crim. App. Apr. 17, 2013) (holding that defendant had a legitimate expectation of privacy in his aunt's backyard). Appellant did not call any defense witnesses during the suppression hearing, and he did not testify personally that he had a possessory interest in the property or permission to be in the garage. Without such evidence, appellant did not satisfy his burden of showing that he had standing to contest the government's warrantless search and seizure. *Cf. Garza v. State*, 705 S.W.2d 818, 820 (Tex. App.—San Antonio 1986, no pet.) (concluding that defendant failed to establish that he had standing where appellant did not testify during suppression hearing and there was no evidence that he had an ownership or possessory interest in the property searched). The trial court did not err by denying appellant's motion for lack of standing. We overrule appellant's second issue.

### INEFFECTIVE ASSISTANCE CLAIM

In his third issue, appellant argues that his trial counsel was constitutionally ineffective. His argument proceeds on two points. First, appellant contends that counsel was ineffective because he failed to present evidence of standing during the suppression hearing. Second, appellant contends that counsel was ineffective because he failed to request a jury instruction regarding evidence that, he alleges, was illegally obtained. We examine these claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland,* appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived him of a fair trial. *Id.* at 687. Counsel's representation is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. This deficiency will deprive appellant of a fair trial only when counsel's performance prejudices appellant's defense. *Id.* at 691–92. To demonstrate prejudice, appellant must show a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697. This test is applied to claims arising under both the United States and Texas Constitutions. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986).

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record on direct appeal is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for

examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995).

We begin with appellant's first complaint, which focuses on counsel's failure to present evidence of standing on the motion to suppress. Appellant argues that counsel could have called the owner of the residence to testify during the suppression hearing. He also argues that he could have testified himself for the limited purpose of showing that he had a reasonable expectation of privacy at his cousin's house. The State counters that appellant's arguments are meritless because the record does not indicate that any witness could establish that appellant had a reasonable expectation of privacy at the invaded residence.

Even if we were to assume that appellant's standing could have been established, appellant must still show that his motion to suppress would have been granted. *Cf. Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (noting that in the context of a complaint that counsel failed to pursue a motion to suppress, the defendant could only show prejudice under *Strickland* if he proved that the motion would have been granted). Appellant contends that he meets this standard for prejudice, arguing that the State lacked probable cause to arrest him without a warrant. We disagree.

Any peace officer may arrest, without warrant, "persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony." *See* Tex. Code Crim. Proc. art. 14.03(a)(1). If an officer intends to make a warrantless arrest, he may not enter a residence without the consent of a resident unless required by exigent circumstances. *Id.* art. 14.05(2).

The determination of whether a place is a "suspicious place" is a highly fact-specific analysis. *Dyar v. State*, 125 S.W.3d 460, 468 (Tex. Crim. App. 2003). Reviewing courts often apply a totality of the circumstances test. *Id.* Although no individual factor is determinative, case law tends to recognize that a place will qualify as suspicious if the time frame between the crime and the apprehension of the suspect is short. *Id.*

In this case, the evidence showed that Womack called the police as appellant was leaving the scene of the burglary. She gave the dispatcher a detailed description of the intruder's vehicle, including the license plate number. Shortly after the dispatch, Officer Lively encountered a vehicle matching the exact description stated by Womack. The vehicle was traveling at a high rate of speed, and not in the direction of the address where the vehicle was registered. Officer Lively saw appellant park the vehicle at a residence, which was later determined not to be his. Appellant grabbed some of the stolen goods and ran around the house. After a foot chase, appellant was spotted hiding inside a garage. When officers attempted to enter the garage, appellant tried to block their entry by closing the door on them.

The officers could have detained appellant on a reasonable suspicion; just after reports of a burglary, appellant was seen driving the exact car observed at the scene of a crime. *Cf. Mount v. State*, 217 S.W.3d 716, 728–29 (Tex. App.—

9

Houston [14th Dist.] 2007, no pet.) (holding that officer was justified in stopping a vehicle that was similar to a vehicle recently reported as stolen). The officers' reasonable suspicion elevated to probable cause when appellant ran from police, hid inside a garage, then attempted to shut the police out. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (stating that probable cause for a warrantless arrest exists "if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense"). A garage may not be a suspicious place per se. However, after considering the totality of the circumstances, including the fact that appellant was seen hiding inside the garage just after a chase from police, we conclude that the garage qualified as a suspicious place under Article 14.03. *Cf. Muniz v. State*, 851 S.W.2d 238, 251 (Tex. Crim. App. 1993) (holding that defendant was arrested in a suspicious place after he was found hiding inside his brother's closet shortly after a murder).

Appellant suggests that exigent circumstances did not require the officers' warrantless entry into the garage. He contends that officers could have surrounded the garage, secured a warrant, then effectuated his arrest.

A warrantless entry may be justified by a number of exigent circumstances, including: (1) a risk of danger to the police or the victim; (2) an increased likelihood of apprehending a suspect; (3) possible destruction of evidence or contraband; (4) hot or continuous pursuit; and (5) rendering aid or assistance to persons who the officer reasonably believes are in need of assistance. *Randolph v. State*, 152 S.W.3d 764, 771 (Tex. App.—Dallas 2004, no pet.). The evidence here showed that Officer Lively was engaged in a hot and continuous pursuit. She

10

encountered appellant driving a vehicle that matched the description reported over a police dispatch. Officer Lively followed the vehicle to a residence, chased appellant on foot, and ultimately arrested him after finding him hiding in a garage. The pursuit was "lawfully initiated on the ground of suspicion." *Yeager v. State*, 104 S.W.3d 103, 107 (Tex. Crim. App. 2003). Appellant's escape to a place of private refuge did not terminate the chase or defeat the exigency of the officers' warrantless entry. *See United States v. Santana*, 427 U.S. 38, 43 (1976) (providing that a defendant may not "defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place"); *see also LaHaye v. State*, 1 S.W.3d 149, 153 (Tex. App.—Texarkana 1999, pet. ref'd) ("If, during the course of a chase, the offender turns a corner and the pursuing officer momentarily loses sight of the offender, hot pursuit is not defeated so long as the chase is immediate and continuous. Moreover, if an offender fleeing from the police turns a corner and then enters a private residence, the pursuit is continuous and immediate even though the officer does not see the offender run into the residence.").

We conclude that appellant was lawfully arrested and that the trial court did not err by denying his motion to suppress. Therefore, even if counsel were ineffective by failing to present evidence of standing, appellant cannot show that he was prejudiced under *Strickland*.

Appellant next complains that counsel was ineffective because he did not request a jury instruction under article 38.23 of the Texas Code of Criminal Procedure. Under Article 38.23, the trial court is required to exclude any evidence that it finds, as a matter of law, was obtained in violation of state or federal law. Tex. Code Crim. Proc. art. 38.23. If there is a fact issue regarding the manner in which the evidence was obtained, Article 38.23 permits the court to submit the question to the jury with an instruction that if the jurors find that the evidence was

obtained in violation of the law, then they are not to consider it in reaching their verdict. *Id.*

A defendant is only entitled to an instruction under Article 38.23 when the record demonstrates a factual dispute concerning how the evidence was obtained. *Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000); *Thomas v. State*, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986). Appellant has not identified any factual disputes in this case. He challenged the admissibility of the stolen goods on legal, not factual, grounds. The record contains no conflicts regarding the manner in which the officers seized this evidence. Accordingly, appellant was not entitled to an instruction under Article 38.23, and defense counsel was not ineffective for failing to request one. *See Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.—Houston [14th Dist.] 1997, no pet.). We overrule appellant's third issue.

## CONCLUSION

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
Justice


Panel consists of Justices Frost, Christopher, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).