Raymond Fred CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–90–157–CR.

Court of Appeals of Texas,
Waco.

Feb. 5, 1992.

Walter M. Reaves, West, for appellant.

John W. Segrest, Crim. Dist. Atty., Gina Gay Parker, Mark E. Parker, Asst. Dist. Attys., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

A jury found Appellant guilty of the felony offense of driving while intoxicated and assessed his punishment at five years in prison and a $2,000 fine. He contends (1) that the court erred in denying his motion to suppress evidence because the police arrested him at his home without a warrant in violation of the Fourth Amendment to the United States Constitution, Art. 1, Sec. 9, of the Texas Constitution, and article 14.05, Texas Code of Criminal

Procedure, and (2) that the evidence was insufficient to support the conviction. We will affirm.

In a motion to suppress, Appellant sought to exclude any evidence derived from his warrantless arrest, including any video tape taken during the booking process at the police station and any evidence of his refusal to take a breath test. He contends his warrantless arrest occurred in a constitutionally protected area of his home. We disagree.

A recitation of the facts surrounding his arrest is necessary for an understanding of his contention. The evidence indicates that a policeman stopped Appellant because his license-plate light was out. The stop occurred in front of Appellant's house at 1:30 A.M. Appellant got out of his car, walked back to the officer's vehicle, and handed him his driver's license and insurance certificate. At this point, the officer observed that Appellant had the usual signs of intoxication, i.e., an unsteady walk, slurred speech, odor of alcohol on his breath, disheveled clothing and bloodshot eyes. In addition, he had an irate attitude and was cursing the officer. The officer then instructed him to go to the rear of Appellant's car while the officer ran a license check. Appellant complied with this request and paced nervously at the rear of his car while waiting. The officer observed that he had difficulty keeping his balance as he paced.

When the license check was completed, the officer stepped out of his car; Appellant walked back to him and stated he was going to his house. He appeared irate and belligerent. The officer radioed for assistance and immediately followed Appellant across the yard into his garage. Then the officer requested him to return to the street so that they could "take care of their business." Appellant refused and started toward the door into his house. Two back-up officers who had arrived in the meantime grabbed Appellant, took him outside the garage, handcuffed and searched him. At that time, the officer who made the initial stop told him he was under arrest. The arresting officer described Appellant as being 6–feet 8–inches tall and weighing

230 pounds, much larger than himself. Even though the officer might have formally arrested him before he started to his house, given Appellant's size and belligerent attitude, it appears reasonable that the officer waited for assistance before placing him under arrest.

Appellant contends that, since he was on his own property, inside his garage and attempting to enter his house when the warrantless arrest occurred, he was protected by the Fourth Amendment to the United States Constitution and similar provisions in the Texas Constitution. He relies on *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), and *Honeycutt v. State*, 499 S.W.2d 662 (Tex. Crim.App.1973).

*Honeycutt* is factually distinguishable from this case. In *Honeycutt*, a car driven by a woman struck another vehicle. When the policeman arrived, the woman had left the car and gone inside her residence. The policeman knew she had a previous conviction for driving while intoxicated and had lived in the residence for over a year. Even though there was no evidence that she might try to escape, the officer went inside the residence and made a warrantless arrest. At the time of her arrest, she was already in bed with her shoes off.

■ Here, the officer observed Appellant's vehicle being operated without a license-plate light. After stopping Appellant, the officer observed he was belligerent, irate and had several classic symptoms of intoxication. The officer further observed that Appellant was a much larger man than himself. He requested Appellant to wait behind his car while he obtained a license check. After the license check was completed, Appellant informed the officer that he was going to his house. It is reasonable to infer that the officer knew, after receiving the license check, that this would be a felony offense. Apparently because of Appellant's size and belligerent attitude, the officer radioed for back-up assistance and then immediately pursued Appellant across his yard into the garage.

Based upon these facts, we believe that Appellant's warrantless arrest falls within

the "hot pursuit" exception stated in *Welsh*. *Id.* 104 S.Ct. at 2099. There, a witness observed a car being driven erratically that eventually swerved off the highway, coming to a stop in a field without causing damage to any person or property. Ignoring the witness's suggestion that he wait for assistance in removing his car, the driver walked away from the scene. The police arrived minutes later and were told by the witness that the driver was either sick or very inebriated. After obtaining a check on the car's registration, the police went to Welsh's nearby home, where they made a warrantless arrest of Welsh in his bedroom for a first-offense violation of driving while under the influence of an intoxicant which was a civil, non-jailable offense under Wisconsin law. In holding that the nighttime warrantless arrest of Welsh in his home violated the protection afforded under the Fourth Amendment, the court stated that "before government agents may invade the sanctity of the home, the government must demonstrate *exigent* circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries." *Id.* at 2097. The court reasoned that an important factor in determining whether any exigency exists is the gravity of the underlying offense. It held that the exigent-circumstances exception of a home entry should rarely be sanctioned where there is only probable cause to believe that a minor offense has been committed. *Id.* at 2098. The court further held that the warrantless arrest could not be upheld on the basis of the "hot pursuit" doctrine, because there was no *immediate or continuous* pursuit of Welsh from the scene of the crime. *Id.* at 2099. (Emphasis added).

Here, there was "immediate and continuous" pursuit of Appellant from the scene of the crime to his home, and unlike *Welsh*, where only a minor non-jailable offense involving license suspension was involved, there was a felony offense involving possible penitentiary time up to 5 years and a fine of $2,000. *See* Tex.R.Civ.Stat.Ann. art. 6701*l*-1(e) (Vernon Supp.1992).

Further, we find that the initial restraint of Appellant started in the street, a public place, when he was instructed by the officer to stand to the rear of his vehicle during the license check. The officer never gave him permission to leave that position and immediately pursued him when he did leave. We find that, by retreating to his garage, Appellant never reached an area protected by the Fourth Amendment, since he apparently was still exposed to public view. *See United States v. Santana*, 427 U.S. 38, 42–43, 96 S.Ct. 2406, 2409–2410, 49 L.Ed.2d 300 (1976). A suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place (or, as in this case, attempting to escape to a private place). *Id.* 96 S.Ct. at 2410.

Appellant also claims the evidence of his arrest should have been suppressed because it was in violation of article 14.05, Texas Code of Criminal Procedure. That article provides in pertinent part:

"... except that an officer making an arrest without a warrant may not enter a residence to make the arrest unless:

.　　.　　.　　.　　.

(2) Exigent circumstances require that the officer making the arrest enter the residence without the consent of a resident or without a warrant."

Tex.Code Crim.Proc.Ann. art. 14.05 (Vernon 1991).

This argument fails for two reasons. First, Appellant never reached the inside of his residence, as required by the statute, and he was not within a constitutionally protected area. *See Santana* at 2409–2410. Secondly, exigent circumstances existed because the officer was in "hot pursuit" of Appellant from the time he started across his yard until he was placed under arrest. Points one and two are overruled.

In his last point, Appellant contends there was insufficient evidence to support a conviction for felony driving while intoxicated because part of the proof, a penitentiary packet, failed to show he was convicted of a prior driving while intoxicated offense, as alleged. The standard of review

we must use is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 160–61 (Tex.Crim.App.1991).

Here, the State was required to prove beyond a reasonable doubt that Appellant:

(1) drove while intoxicated on March 22, 1990, and

(2) had two prior convictions for "driving while intoxicated," as alleged in the indictment.

Appellant concedes that one of the prior convictions alleged in the indictment had been properly proven, but he contests the prior conviction from Navarro County, dated October 19, 1989, in Cause Number 23,-432, for the reason that the judgment in the pen packet recited in one place that he had been convicted of the offense of "D.I.W., Article 6701*l*–1—Felony." He contends that "D.I.W." is not an offense and is insufficient to establish a prior conviction; however, we do not reach this contention because the judgment further recites that "the [Appellant] is guilty as charged in the Indictment . . . ." A copy of the indictment alleging the statutory elements of driving while intoxicated was included in the packet. Accordingly, we find that any rational trier of fact could have found beyond a reasonable doubt that Appellant had committed the prior offenses, as alleged. Point three is overruled and the judgment is affirmed.