**John Thomas WINTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00305–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 30, 1995.

W. Troy McInney, J. Gary Trichter, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Joni Vollman, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

HUTSON–DUNN, Justice.

■ In this case the Court is called on to determine whether a police officer in "hot pursuit" of a person suspected of driving while intoxicated may make a warrantless entry into the suspect's garage to make an arrest.

After his pretrial motion to suppress evidence was denied, appellant, John Thomas Winter, pled guilty to driving while intoxicated (DWI). The trial court assessed punishment at confinement in jail for 90 days, probated for one year, a $250 fine, and 30 hours of community service. We affirm.

In three related points of error, appellant contends the trial court erred in overruling his motion to suppress.

■ The trial court is the sole judge of the credibility of the witnesses in a pretrial hearing and, absent an abuse of discretion, the trial court's findings will not be disturbed. *Freeman v. State,* 723 S.W.2d 727, 729 (Tex.Crim.App.1986); *Perez v. State,* 818 S.W.2d 512, 514 (Tex.App.—Houston [1st Dist.] 1991, no pet.). We view the evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Daniels v. State,* 718 S.W.2d 702, 704 (Tex.Crim.App.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986). With these standards in mind, we review the evidence introduced at the suppression hearing.

■ Kenneth R. Travitz, Jr., a deputy constable, testified that on July 9, 1993, at ap-

proximately 11:33 p.m., he was on patrol in Kingwood, and was travelling behind appellant's gold Corvette. His attention was first drawn to appellant's car when he noticed it bump the right-hand curb. Travitz noticed appellant's car cross over the center line seven or more times. He also noticed that the speed of the car was very erratic. Appellant's speed varied between 32 and 50 miles per hour.

Travitz then activated his emergency lights and air horn and attempted to stop appellant. Appellant looked in his rearview mirror, but continued driving. As Travitz followed, appellant made two turns without signalling. Appellant finally turned into the driveway of his own home, and pulled into the open garage.

Travitz pulled his patrol unit into appellant's driveway and entered the garage. Appellant opened the car door, and Travitz detected the odor of alcohol. Travitz asked appellant to step out of the car, and appellant "practically fell out of the vehicle." Appellant refused to take a field sobriety test, and Travitz placed him under arrest.

In his first point of error, appellant argues that the trial court erred in denying his motion to suppress because his arrest violated the fourth amendment of the United States Constitution. Appellant argues that the warrantless arrest inside his garage was illegal. The State responds that Travitz was in "hot pursuit" of appellant.

Warrantless home arrests violate the fourth amendment absent probable cause and exigent circumstances. *Payton v. New York*, 445 U.S. 573, 583–90, 100 S.Ct. 1371, 1378–82, 63 L.Ed.2d 639 (1980). The Court has found that exigent circumstances exist when the police are in "hot pursuit" of a suspect. *United States v. Santana*, 427 U.S. 38, 42–43, 96 S.Ct. 2406, 2409–10, 49 L.Ed.2d 300 (1976).

Appellant, relying on *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), argues that there are no exigent circumstances in this case. In *Welsh*, the driv-

er lost control of his car and came to a stop in a field without causing any injury or damage to property. A witness who saw the driver walk away told the police that the driver was either inebriated or sick. The police went to the driver's house, which was nearby. The police entered the home without a warrant, and arrested the driver who was asleep in his bed by that time. 466 U.S. at 742, 104 S.Ct. at 2093–94.

In *Welsh*, the Supreme Court held there were no exigent circumstances for a warrantless arrest because (1) in Wisconsin, driving while intoxicated was a nonjailable civil offense, and (2) there was no immediate or continuous pursuit from the scene of the crime. 466 U.S. at 753–54, 104 S.Ct. at 2099–100. Thus, we will consider the two factors set forth in *Welsh* to determine whether exigent circumstances were present in this instance.

### Seriousness of the offense

As stated earlier, a warrantless arrest requires probable cause and exigency. Appellant argues that, prior to entering the garage and seeing appellant's condition, Travitz did not have probable cause to believe that appellant was guilty of DWI. He contends that Travitz only had a reasonable suspicion of DWI, and probable cause to believe that appellant had committed several minor traffic offenses. Appellant argues that minor traffic offenses are nonjailable offenses, and under *Welsh* are not serious enough to create exigent circumstances for a warrantless arrest.

Assuming without deciding that Travitz did not have probable cause to arrest appellant for DWI, we nonetheless find that there was probable cause to arrest appellant for at least two other offenses, evading arrest and fleeing or attempting to elude a police officer.

Evading arrest or detention[1] at the time of the offense was defined as follows:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him or

1. Act of 1987, 70th Leg., R.S., ch. 504, § 1, 1987 Tex.Gen.Laws 2117, *amended by* Act of 1989, 71st Leg., R.S., ch. 126, § 1, 1989 Tex.Gen.Laws

488, *amended by* Act of 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3667 (current version at Tex.Penal Code Ann. § 38.04).

detain him for the purpose of questioning or investigating possible criminal activity.

Article 6701d, § 186 of the Revised Civil Statutes prohibits fleeing or attempting to elude a police officer.

> Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his badge of office, and his vehicle shall be appropriately marked showing it to be an official police vehicle.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 186 (Vernon Supp.1995).

The record shows that Travitz noticed appellant's vehicle bump the curb. Appellant was also weaving back and forth over the center line, and his speed was very erratic. Based on these observations, Travitz activated his emergency lights and air horn and attempted to detain appellant. Appellant glanced in his rear mirror and saw the officer, but refused to stop. Instead, appellant continued driving for over a quarter of a mile. During this time, appellant made two turns without signalling before he finally pulled into his open garage. Based on these facts, Travitz had sufficient probable cause to believe that appellant had violated either of the two statutes mentioned above.

Therefore, we must decide whether evading arrest and fleeing or attempting to elude a police officer are "minor offenses" in Texas.[2] The *Welsh* Court directs us to look at the penalty that attaches to a particular offense to determine the state's interest in arresting individuals suspected of committing that offense. 466 U.S. at 754 n. 1, 104 S.Ct. at 2100 n. 1. In *Welsh*, the Court determined, somewhat reluctantly, that DWI is a minor offense in Wisconsin because it is a "noncriminal, civil forfeiture offense for which no imprisonment is possible." 466 U.S. at 754, 104 S.Ct. at 2100. A first offender faced a maximum fine of only $200. 466 U.S. at 746, 104 S.Ct. at 2095.

However, in Texas both offenses discussed above are class B misdemeanors and, at the time of the offense, were punishable by fines up to $1500, confinement in jail for six months, or both.[3] Additionally, both offenses could be elevated to class A misdemeanors if the driver was intoxicated during the commission of the offense. Class A misdemeanors are punishable by fines of up to $3000, confinement in jail for one year, or both.[4]

Because evading arrest and fleeing or attempting to elude a police officer are both jailable offenses in Texas this case is distinguishable from *Welsh*.

**Immediate and continuous pursuit**

In *Welsh*, the Court rejected Wisconsin's argument that the police officers were in "hot pursuit" of Welsh because there was no immediate or continuous pursuit. 466 U.S. at 753, 104 S.Ct. at 2099. Welsh had abandoned his car at the scene of the accident, and was safely at home in his bed at the time he was arrested. *Id.*

However, in this case, Travitz followed appellant from the time he first saw appellant bump the curb until appellant parked his car in his own garage. Travitz's pursuit of appellant was both immediate and continuous. This factor also distinguishes *Welsh*.

---

**2.** We note that *Payton*, which allowed warrantless home arrests upon a showing of probable cause and exigent circumstances, was limited to felony arrests. 445 U.S. at 574, 100 S.Ct. at 1374. However, *Welsh*, which was decided after *Payton*, focuses on whether the offense is jailable, not whether it is classified as a felony. The Court in *Welsh* refused to consider whether the fourth amendment imposed an absolute ban on warrantless home arrests for minor offenses. 466 U.S. at 750 n. 11, 104 S.Ct. at 2097 n. 1.

**3.** Act of 1991, 72nd Leg.R.S., ch. 108, § 1, sec. 12.22, 1991 Tex.Gen.Laws 681, *amended by* Act of 1993, 73rd Leg.R.S., ch. 900, § 1.01, sec. 12.22, 1993 Tex.Gen.Laws 3602 (current version at TEX.PENAL CODE ANN. § 12.22).

**4.** Act of 1991, 72nd Leg.R.S., ch. 108, § 1, sec. 12.21, 1991 Tex.Gen.Laws 681, *amended by* Act of 1993, 73rd Leg.R.S., ch. 900, § 1.01, sec. 12.21, 1993 Tex.Gen.Laws 3602 (current version at TEX.PENAL CODE ANN. § 12.21).

This case is more like *Santana* than *Welsh*. In *Santana*, the police had probable cause to believe that Santana was guilty of a drug-related offense. When the police approached Santana's home they saw her standing in the doorway. As they got out of their van shouting "police," and displaying their identification, Santana retreated into her home. 427 U.S. at 40, 96 S.Ct. at 2408. The *Santana* Court held that a suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place. *Santana*, 427 U.S. at 43, 96 S.Ct. at 2410.

In this case, Travitz had probable cause to arrest appellant for evading arrest and for fleeing or attempting to elude a police officer. Appellant attempted to thwart an arrest by retreating to his garage. Under the reasoning of *Santana*, Travitz was entitled to follow appellant into the garage to complete the arrest.

### Expectation of Privacy

Another factor that distinguishes this case from *Welsh* is that appellant was arrested in his open garage, not his home. The photographs in the record show that appellant's garage is attached to his home by a covered walkway or hallway. When the garage door is open, appellant's gold Corvette is clearly visible from the street. By pulling into the driveway behind appellant as he described, Travitz would have been able to see appellant get out of his car even without entering the garage. With the garage door open, appellant was in plain view of Travitz. In a similar case, the court held that "by retreating to his garage, [a]ppellant never reached an area protected by the Fourth Amendment, since he apparently was still exposed to public view." *Carter v. State*, 824 S.W.2d 767, 769 (Tex.App.—Waco 1992, no pet.).

Based on the three factors discussed above, we find that this case is distinguishable from *Welsh*. We overrule point of error one.

In point of error two, appellant argues that his warrantless arrest violates TEX. CONST. article I, section 9. We agree that the Texas Constitution may provide broader rights than those provided by the United States Constitution. *Heitman v. State*, 815 S.W.2d 681,

690 (Tex.Crim.App.1991). However, we find no authority to indicate that the Legislature intended to do so in this instance.

We overrule point of error two.

■ In his third point of error, appellant contends that his arrest was illegal under TEX.CODE CRIM.PROC.ANN. art. 14.05 (Vernon Supp.1995), which provides:

> In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant, except that an officer making an arrest without a warrant may not enter a residence to make the arrest unless:

> (1) a person who resides in the residence consents to the entry; or

> (2) exigent circumstances require the officer making the arrest enter the residence without the consent of a resident or without a warrant.

Appellant argues that under article 14.05 exigent circumstances must require rather than merely permit a warrantless entry. Assuming without deciding that appellant's interpretation of article 14.05 is correct, we nevertheless hold that exigent circumstances required a warrantless entry in this case. Appellant had committed several traffic offenses in Travitz's presence. Travitz also had probable cause to believe that appellant had committed two more serious offenses, evading arrest and fleeing attempting to elude a police officer. Travitz also had at the very least a reasonable suspicion that appellant had committed the offense of DWI. Travitz attempted to initiate a stop, but appellant fled. Travitz maintained an immediate and continuous pursuit of appellant.

If Travitz had not entered the garage to make an immediate arrest, but instead left to obtain a warrant, appellant could have left his garage and continued his erratic, and possibly dangerous driving. Appellant could also have left his home in an attempt to continue evading arrest. Finally, appellant's blood alcohol level would have dissipated during the time necessary to obtain a warrant, thus depriving the State of key evidence of

DWI. Therefore, we conclude that circumstances required Travitz to enter appellant's garage to make an immediate arrest, rather than waiting for a warrant.

We also note that Travitz did not enter appellant's residence to make the arrest. He merely entered an open garage, the inside of which was clearly visible from the public street.

We overrule point of error three.

We affirm the judgment.