**Doug Paul LaHAYE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00175–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 24, 1999.

Decided July 1, 1999.

Rehearing Overruled Aug. 10, 1999.

Peter F. Doyle, Nederland, for appellant.

Rodney D. Conerly, Asst. Criminal Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Doug LaHaye appeals from his conviction for driving while intoxicated, third offense. LaHaye filed a pretrial motion to suppress evidence obtained as a result of his arrest. The trial court denied his motion, and LaHaye pleaded guilty. The trial court assessed LaHaye's punishment at five years in prison and suspended the imposition of the sentence, placing him on community supervision for five years. On

appeal, LaHaye contends the trial court erred in denying his motion to suppress because the police officer who arrested him without a warrant was not in "hot pursuit," and so the requisite exigent circumstances did not exist to make the warrantless arrest legal.

The initial burden on a motion to suppress rests on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986); *McClain v. State*, 984 S.W.2d 700, 702 (Tex.App.-Texarkana 1998, no pet.). When the defendant establishes that a warrantless arrest occurred, the burden shifts to the State to show that a warrant existed or that the warrantless arrest was justified by probable cause and exigent circumstances. Tex.Code Crim. Proc. Ann. art. 14.05 (Vernon Supp.1999); *Russell v. State*, 717 S.W.2d at 9–10.

At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses, including the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *McClain v. State*, 984 S.W.2d at 702. We reverse a trial court's suppression ruling only if the trial court clearly abused its discretion, *Cantu v. State*, 817 S.W.2d 74, 77 (Tex.Crim.App. 1991), and we view the evidence and all reasonable inferences in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim.App.1996).

At the suppression hearing, the State called David Turner as a witness. Turner testified he called the police because several men were in the parking lot of his apartment complex acting disorderly and driving a moped around. Turner said that after the police arrived, LaHaye drove the moped into a parked car, then dropped the moped and ran toward an apartment in the complex. Turner said police officer Larry Martin got out of his car and ordered LaHaye to stop. LaHaye continued to run. The officer pursued LaHaye. LaHaye ran into one of the apartments. Officer Martin did not see which apartment

LaHaye entered, but Turner told him LaHaye entered apartment number 34. Officer Martin knocked on the door of the apartment. A woman with whom LaHaye shared the apartment opened the door and let the officer in. The officer saw LaHaye in the apartment and arrested him.

The State also called Officer Martin. Officer Martin testified that he was dispatched to the apartment complex because some intoxicated individuals were riding a moped. As he was nearing the complex, Martin saw LaHaye driving the moped in the opposite direction. After turning around his patrol car to follow LaHaye, Martin noticed that the moped's license plate light was out and LaHaye was not wearing a helmet. Officer Martin followed LaHaye into the apartment complex parking lot and pulled in behind him. As he was getting out of his car, he asked LaHaye to stop. LaHaye got off the moped and let go of it. The moped fell over, hitting a parked car. After Officer Martin told LaHaye to stop, LaHaye ran toward the apartment complex. Martin could not see which apartment LaHaye entered, but Turner pointed him to the correct unit. Officer Martin knocked on the door of the apartment, and a young lady let him in. He saw LaHaye lying face down on the bed and arrested him for evading arrest. Officer Martin testified that evading arrest is a Class B misdemeanor and is punishable by six months in jail and up to a $2,000.00 fine.

LaHaye also testified at the hearing. He stated that he saw a patrol car pass him while he was driving the moped to his apartment complex. After he pulled into the complex, he got off the moped and went into an apartment. LaHaye stated that he did not believe the moped fell over into a parked car. He also said he did not hear Officer Martin say anything. Additionally, LaHaye testified that he did not run into the apartment unit and was not trying to evade arrest. He testified that he had been staying in the apartment with Michelle Barrett for quite a while. Bar-

rett was in the apartment when Officer Martin knocked on the door, and she let him in the apartment. After he was arrested, LaHaye was given field sobriety tests and was subsequently arrested for driving while intoxicated.

LaHaye contends that Officer Martin's warrantless arrest was in violation of Article 14.05 of the Texas Code of Criminal Procedure. Specifically he contends that exigent circumstances did not exist to justify the warrantless arrest because Officer Martin was not in hot pursuit. He correctly argues that a true "hot pursuit" must involve both an immediate and continuous pursuit, and he contends that neither of those was present in this case. The State argues that Officer Martin was in hot pursuit and the circumstances were exigent.

■ Article 14.05 provides that an officer may not enter a residence and make a warrantless arrest unless a person who resides in the residence consents to the entry or exigent circumstances exist. Exigent circumstances exist when the police are in hot pursuit of a suspect. *United States v. Santana,* 427 U.S. 38, 42–43, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300, 305 (1976); *Winter v. State,* 902 S.W.2d 571, 573 (Tex.App.-Houston [1st Dist.] 1995, no pet.).

■ We conclude that the arrest of LaHaye was not in violation of Article 14.05. We make this conclusion for two reasons. First, the evidence shows that Officer Martin had the consent of Michelle Barrett to enter the apartment. Second, Martin was in hot pursuit of LaHaye.

LaHaye relies on the United States Supreme Court's decision in *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). In that case, a motorist ran his car off the road and left the scene on foot and traveled home, where he fell asleep on his bed. *Welsh v. Wisconsin,* 466 U.S. at 742, 104 S.Ct. 2091. The police arrived at the scene of the abandoned car, learned that the car belonged to

Welsh, and obtained his address. *Id.* The police went to Welsh's house without any type of warrant and knocked on the door. *Id.* at 743, 104 S.Ct. 2091. Welsh's stepdaughter answered the door, and the police gained entry into the house and arrested Welsh for driving under the influence. *Id.* Because the lower courts did not decide the issue of whether the police had consent to enter the house, the Supreme Court assumed the police did not have consent to enter Welsh's house. *Id.* at 743 n. 1, 104 S.Ct. 2091. The Court held that there were no exigent circumstances for a warrantless arrest because (1) in Wisconsin in 1984, driving while intoxicated was a nonjailable offense, and (2) there was no immediate or continuous pursuit from the scene. *Id.* at 753–54, 104 S.Ct. 2091; *Winter v. State,* 902 S.W.2d at 573.

Texas courts have looked to the *Welsh* decision to determine what circumstances authorize an officer to enter a residence to arrest an offender without a warrant. The Houston Court of Appeals separated the decision into two prongs: (1) the seriousness of the offense and (2) immediate and continuous pursuit. *Winter v. State,* 902 S.W.2d at 573–74. The court in *Winter* found the crime of evading arrest was a serious enough crime that officers in hot pursuit could enter a residence without a warrant and arrest an offender. *Id.; see also* TEX. PEN.CODE ANN. § 38.04 (Vernon 1994 & Supp.1999); *Rue v. State,* 958 S.W.2d 915, 918 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *Curry v. State,* 831 S.W.2d 485, 488 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd).

LaHaye does not contend that evading arrest is not a serious offense that creates exigent circumstances. Instead, his argument focuses on the second prong of the *Welsh* test. He contends Officer Martin's pursuit was not immediate and continuous. He asserts that because Martin pulled his patrol car into a side street, backed up, and then proceeded, he was not in hot pursuit. Also, Officer Martin lost sight of

LaHaye after LaHaye started to run toward the apartment.

 LaHaye does not cite any authority for his contention that an officer who enters a residence to apprehend an offender must have visual contact with the offender at all times in order to maintain a hot pursuit. The test for hot pursuit focuses on the immediate and continuous nature of the pursuit, rather than on uninterrupted observation. If, during the course of a chase, the offender turns a corner and the pursuing officer momentarily loses sight of the offender, hot pursuit is not defeated so long as the chase is immediate and continuous. Moreover, if an offender fleeing from the police turns a corner and then enters into a private residence, the pursuit is continuous and immediate even though the officer does not see the offender run into the residence. As long as the police are in the process of chasing the offender for the purpose of apprehending him for a serious crime, they may enter the residence under Article 14.05. *See Winter v. State,* 902 S.W.2d at 573–74. Additionally, a suspect may not defeat an arrest that has been set in motion in a public place by the expedient of escaping to a private place. *United States v. Santana,* 427 U.S. at 43, 96 S.Ct. 2406.

LaHaye set in motion the process of evading arrest in the parking lot. Officer Martin pursued LaHaye, in an immediate and continuous pursuit, into the apartment. In these circumstances, the arrest was legal.

For the reasons stated above, we affirm the judgment of the trial court.