MARY'S OPINION HEADING 









                                                NO.
12-06-00424-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

ROBERT MAYFIELD,        §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW #3

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant Robert Mayfield was charged by information with
driving while intoxicated.  After the
trial court’s denial of his motion to suppress, Appellant pleaded guilty.  The trial judge assessed Appellant’s
punishment at confinement in the county jail for one year, probated for twenty
months, conditioned on his spending three days in the county jail.  The trial judge also assessed a fine of
$850.00.  In his sole issue presented,
Appellant contends the trial court erred in denying his motion to
suppress.  We affirm.

 

Background

            The Tyler Police Department received a call from a
private citizen identifying himself as Matthew Caldwell who reported that he
was following a black Ford Explorer that had run red lights and was weaving all
over the road.  Caldwell maintained
contact with the Tyler Police dispatcher, providing the license number of the
black Ford Explorer.  Caldwell followed
the vehicle until it pulled into a driveway. 
Caldwell parked approximately seventy-five yards from the driveway.  He saw the driver of the Explorer, later
identified as Appellant, get out of the vehicle and then return to it and drive
it into the garage attached to the residence. 
The garage door remained open.








            The dispatcher relayed the information provided by
Caldwell to Officer Forby who contacted Caldwell when he arrived at the
scene.  Caldwell pointed out the open
garage where the driver had parked the black Ford Explorer.  Officer Forby approached the open garage
door.  While still outside the garage, he
could see Appellant slumped over behind the wheel of the Explorer with one leg
hanging out of the vehicle.  Suspecting
that Appellant was intoxicated, but also concerned that his loss of
consciousness might be the result of a medical condition, Officer Forby entered
the garage without knocking or otherwise announcing his presence and shook the
driver to wake him.  He determined that
Appellant’s unconscious state was due to intoxication unconnected with any medical
condition.  No medical personnel were
summoned.  Appellant was placed under
arrest.

 

Denial of Motion to Suppress

            In his sole issue, Appellant contends that Forby’s entry
into the garage without a warrant was illegal and therefore the trial court erred
in denying the motion to suppress.

Standard of Review

            In reviewing a trial court’s decision on a motion to
suppress evidence, the court of appeals gives almost total deference to the
trial court’s determination of historical facts.  Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  We review de
novo mixed questions of law and fact that do not turn on an evaluation of
credibility and demeanor.  Laney v.
State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  We sustain the trial court’s ruling if it is
reasonably supported by the record and correct under any theory of law
applicable to the case.  Id.  

Applicable Law

            Under both the United States and Texas constitutions, a
warrantless search of either a person or property is presumed unreasonable subject
to certain exceptions.  Brigham
City, Utah v. Stuart, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L.
Ed. 2d 650 (2006); Estrada v. State, 154 S.W.3d 604, 608 &
n.12 (2005).  Exigent circumstances may
serve to obviate the warrant requirement. 
Id.  In Laney,
the court of criminal appeals described the exigent circumstances doctrine
applicable when exigencies are encountered by the police in their “crime
fighting role.”  Laney, 117
S.W.3d at 861. The court distinguished this from the “emergency doctrine”
applicable when the emergency justifying warrantless entry arises outside or
independent of a criminal investigation, and the police act in their limited
community caretaking role to protect or preserve life or avoid serious bodily
injury.  Id.  

            In order to support a warrantless search or entry under
the exigent circumstances doctrine, probable cause in combination with some
sort of exigent circumstances must exist. 
See Estrada,  154
S.W.3d at 608-09; McNairy v. State, 835 S.W.2d 101, 106-07 (Tex.
Crim. App. 1991).  If probable cause is
present, situations creating exigent circumstances usually include factors
pointing to some danger to the officer or victims, an increased likelihood of
apprehending a suspect, or the possible destruction of evidence.  McNairy, 835 S.W.2d at
107.  When the destruction of evidence is
the exigency relied upon, the State must show that the police could have
reasonably concluded that evidence would be destroyed or removed before they
could obtain a search warrant.  Id.
 The necessity of preserving
evidence of a DWI suspect’s blood alcohol level may constitute an emergency
making the securing of a warrant impracticable. 
See Winters v. State, 902 S.W.2d 571, 575-76 (Tex. App.–Houston
[1st Dist.] 1995, no writ).  An objective
standard is used in determining if the officers reasonably relied upon the
exigency in question to justify a warrantless entry.  Brigham City, Utah, 547 U.S. at
404, 126 S. Ct. at 1948; Brimage v. State, 918 S.W.2d 466, 501
(Tex. Crim. App. 1996).

            The emergency aid doctrine may justify a warrantless
entry when the police are acting, not in their crime fighting role, but in
their limited community caretaker role, and they therefore have no probable
cause to believe that a crime has been committed or is in progress.[1]  See Laney, 117 S.W.3d at
861.  The community caretaking function
is “totally divorced” from the detection or investigation of the violation of a
criminal statute.  Corbin v. State,
85 S.W.3d 272, 277 (Tex. Crim. App. 2002) (quoting Cady v. Dombrowski,
413 U.S. 433, 441, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973)).  Therefore, a police officer may not ignore
the warrant requirement relying on his community caretaking function if he is
primarily motivated by a noncommunity caretaking purpose.  Id. 
The officer must have an immediate reasonable belief that he or
she must act to “protect or preserve life or avoid serious injury.” Laney,
117 S.W.3d at 861.  The courts look to a
nonexclusive list of four factors in evaluating whether the officer reasonably
believes that a person needs help: (1) the nature and level of the distress
exhibited by the individual; (2) the location of the individual; (3) whether or
not the individual was alone and/or had access to assistance other than that
offered by the officer; and (4) to what extent the individual, if not assisted,
presented a danger to himself or others. 
Id.

            Probable cause exists when reasonably trustworthy facts
and circumstances within the knowledge of the officer at the scene would lead a
reasonably prudent person to believe that the instrumentality of a crime or
evidence of a crime will be found.  McNairy,
835 at 107; Estrada, 154 S.W.3d at 609.  The factual basis for probable cause need not
arise from the officer’s personal observation, but may be supplied from other
sources corroborated by sufficient indicia of reliability.  See Brother v. State, 166
S.W.3d 255, 257 (Tex. Crim. App. 2005). 
The basis of the informant’s knowledge is highly relevant in determining
the value of the caller’s report.  Alabama
v. White, 496 U.S. 325, 329, 110 S. Ct. 2412, 2415-16, 146 L. Ed. 2d
301 (1990).  A detailed description of
the wrongdoing accompanied by a statement that he or she observed the event
firsthand entitles the information to greater weight.  Illinois v. Gates, 462 U. S.
213, 234, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983).  In Brother, probable cause
arose from a detailed description of the appellant’s car, location, and erratic
driving given to the police by a citizen eyewitness and relayed to the
arresting officer by the dispatcher.  Brother,
166 S.W.3d at 257.  The citizen kept in
contact with the dispatcher throughout the incident and remained at the scene
until after the appellant’s car was stopped by police.  Id.  When an informant places himself in a
position to be held accountable for his intervention, the reliability of the
information he provides increases.  United
States v. Sierra-Hernandez, 581 F.2d 760, 763 (9th Cir.), cert.
denied, 439 U.S. 936, 99 S. Ct. 333, 58 L. Ed. 2d 333 (1978).  Corroboration by the police of any of the
information related by the informant will ordinarily enhance its
reliability.  State v. Sailo,
910 S.W.2d 184, 188 (Tex. App.–Fort Worth 1995, pet. ref’d).

Discussion

            Appellant contends the State is relying on the emergency
aid doctrine, one of the three community caretaker doctrines developed by the
United States Supreme Court that may serve to render a warrant
unnecessary.  Appellant argues that his
attached garage was part of his residence, and that the officer’s entry into
the garage without a warrant and without announcing his presence violated his
rights under the Fourth Amendment of the United States Constitution and Article
I, Section 9 of the Texas Constitution. 
Appellant points out that the officer’s primary reason for coming to his
home was to investigate a crime; hence, the community service emergency aid
doctrine is not applicable.  Moreover, he
contends that the officer lacked an objectively reasonable belief that his
warrantless entry was necessary to protect or preserve life or avoid serious
injury.  The officer learned from the
citizen caller before approaching the house that Appellant had driven into the
driveway, gotten out of his car, reentered it, and drove it into the garage.  In Appellant’s view, sleeping in your own car
in your own house does not rise to the level of a threat to yourself or
others.  Appellant maintains he did not
exhibit that level of distress justifying a warrantless entry.  The officer made no effort to ascertain if
there were others in the house who might have helped him.  Appellant argues that, given these facts, the
community service emergency aid doctrine is inapplicable and cannot serve to
justify a warrantless entry into his garage.

            We agree that the community service emergency aid
doctrine is inapplicable.  Appellant’s
argument assumes that Officer Forby lacked probable cause.  However, we are convinced that Officer Forby
had probable cause, and, therefore, the exigent circumstances doctrine does
apply.  The exigent circumstances
doctrine will support a warrantless entry when probable cause exists in
combination with exigent circumstances.  See
Estrada, 154 S.W.3d at 608-09. 
The citizen eyewitness related to the police a detailed description of
Appellant’s driving and his vehicle, and remained in contact with the police
while he followed Appellant home.  The
police dispatcher relayed the information to Officer Forby.  When Officer Forby arrived at the scene, he
checked with Caldwell who pointed out the open garage door through which
Appellant had driven his car shortly before. 
The detailed information provided by a citizen eyewitness who identified
himself and placed himself in a position to be held accountable for his report
was verified at least in part by Officer Forby when he arrived where Caldwell
parked near Appellant’s house.  As
Officer Forby approached Appellant’s open garage, he saw Appellant slumped over
the steering wheel, his left leg dangling from the car door.  Considering all of the information available
to Officer Forby, we conclude that Officer Forby had probable cause to believe
that a crime had been or was being committed, and that evidence of that crime
would be found, before he entered Appellant’s garage.  See Brother, 166 S.W.3d at 257.

            We also conclude that, viewing the evidence in the light
most favorable to the trial court’s ruling, exigent circumstances existed
justifying the officer’s warrantless entry into the open garage.  Appellant’s apparently unconscious condition
was consistent with intoxication.  Viewed
objectively, however, his condition was also consistent with a number of
serious medical problems such as heart attack or stroke reasonably requiring
emergency attention.  Although apparently
unconscious, his position behind the steering wheel and the open garage door
also made it possible for him to quickly drive from the garage onto the street
endangering both himself and the public.

            The trial court did not abuse its discretion in denying
Appellant’s motion to suppress. 
Appellant’s sole issue is overruled.

 

Disposition

            The judgment of the trial court is affirmed.

 

 

 

                                                                                                    BILL BASS   


                                                                                                            Justice

 

 

Opinion
delivered April 30, 2008.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











    
[1] The community caretaker role is the
basis for three separate doctrines created by the Supreme Court as exceptions
to the warrant and probable cause requirements of the Fourth Amendment: (1) the
emergency aid doctrine, (2) the automobile impoundment and inventory doctrine,
and (3) the public servant doctrine.  See
Corbin v. State, 85 S.W.3d 272, 279-80 (Tex. Crim. App. 2002)
(Cochran, J., concurring).